1    SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
2    E-mail: jbrophy@seyfarth.com
David Rosenberg (SBN 292094)
3    E-mail: drosenberg@seyfarth.com
2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
Telephone: (310) 277-7200
5    Facsimile: (310) 201-5219

6    Attorneys for Defendant
US FOODS, INC. (dba US FOODSERVICE,
7    INC.)

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   ADAM ALBARRAN, | Case No. **2:21-cv-4556** |
| 13         Plaintiff, | **DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| 14     v. | |
| 15   US FOODS, INC. dba US FOODSERVICE, INC.; and DOES 1 to 10, | [Los Angeles Superior Court, Case No. 21STCV14442] |
| 16 | |
| 17         Defendants. | Complaint Filed: April 16, 2021 Trial Date: None Set |

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      BACKGROUND ......................................................................................1

II.     TIMELINESS OF REMOVAL .............................................................2

III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............3

     A.      Plaintiff Adam Albarran Is A Citizen Of California......................3

     B.      Defendant US Foods, Inc., Is Not A Citizen Of California ..........4

     C.      Doe Defendants May Be Disregarded...........................................5

IV.     AMOUNT IN CONTROVERSY ...........................................................5

     A.      Plaintiff's Prayer For Relief Establishes That The Amount In
         Controversy Is At Least $75,000...................................................7

     B.      Plaintiff's Individual Claims Otherwise Exceed $75,000.............7

         1.      Compensatory Damages ......................................................8

         2.      Emotional Distress Damages .............................................10

     C.      Attorneys' Fees And Costs...........................................................11

     D.      Punitive Damages.........................................................................11

V.      VENUE .................................................................................................12

VI.     NOTICE OF REMOVAL.....................................................................12

VII.    PRAYER FOR REMOVAL .................................................................13

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ADAM ALBARRAN, AND HIS ATTORNEYS OF RECORD:**

1.      **PLEASE TAKE NOTICE** that Defendant US Foods, Inc. (dba U.S. FoodService, Inc.) ("US Foods") files this notice of removal pursuant to 28 U.S.C. sections 1332, and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effect the removal of the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California. This removal is proper for the following reasons.

**I.      BACKGROUND**

2.      On April 16, 2021, Plaintiff Adam Albarran ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*Adam Albarran, Plaintiff, v. US Foods, Inc. dba U.S. Foodservice, Inc.; and Does 1 to 10, Defendants*," Case No. 21STCV14442 (the "Complaint").

3.      In the Complaint, Plaintiff asserts 11 causes against US Foods for: (1) "Wrongful Termination in Violation of Public Policies"; (2) "Medical Leave Retaliation"; (3) "Medical Leave Discrimination"; (4) "Retaliation for Requesting and Using Accommodations for Disabilities"; (5) "Failure to Engage in a Timely, Good Faith, Interactive Process to Determine Reasonable Accommodation for Disability"; (6) "Failure to Reasonably Accommodate Disabilities"; (7) "Disability Discrimination"; (8) "Discrimination Based on Age"; (9) "Retaliation for Opposing Violations of FEHA"; (10) "Failure to Prevent and Stop Harassment, Discrimination, and Retaliation"; and (11) "Whistleblower Retaliation."

4.      On May 4, 2021, US Foods' registered agent for service of process in California received, via process server, the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Alternative Dispute Resolution Information Package; and First Amended

DEFENDANT'S NOTICE OF REMOVAL

70503303v.1

General Order.  A true and correct copy of the service packet received by US Foods is attached as **Exhibit A** to this Notice of Removal.

5.      On June 2, 2021, US Foods timely filed its Answer to Plaintiff's Complaint in Los Angeles Superior Court.  A true and correct copy of US Foods' Answer to Plaintiff's Complaint is attached as **Exhibit B** to this Notice of Removal.

6.      US Foods has not filed or received any other pleadings or papers, other than the pleadings described as **Exhibit A** and **Exhibit B**, in this action prior to this Notice of Removal.  (Declaration of Jonathan L. Brophy ("Brophy Decl."), ¶ 3.)

## II.   TIMELINESS OF REMOVAL

7.      The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.'  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)).  Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

8.      The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal

DEFENDANT'S NOTICE OF REMOVAL

70503303v.1

motion within thirty days of service, the term 'service of process' is defined by state law.").

9.     This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on March 4, 2020.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Plaintiff Adam Albarran Is A Citizen Of California

11.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

12.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "At all relevant times, Plaintiff ADAM ALBARRAN is and was an individual residing in the County of Los Angeles, State of California."  (*See* Ex. A, Compl., ¶ 4.)

13.     US Foods' review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California.  (*See* Brophy Decl., ¶ 4, Ex. C; Declaration of Jessica Byrne ("Byrne Decl."), ¶ 5.)  Furthermore, the Complaint alleges that US Foods is authorized to and does conduct business in the State of California and that Plaintiff

3

DEFENDANT'S NOTICE OF REMOVAL

1    worked for US Foods as an "Order Selector" at the US Foods location in La Mirada,

2    California.  (*See* Ex. A, Compl., ¶¶ 5, 10.)

3         14.    Plaintiff, therefore, is, and at all times since the commencement of this

4    action has been, a resident and citizen of the State of California.

5    **B.    Defendant US Foods, Inc., Is Not A Citizen Of California**

6         15.    For diversity purposes, "a corporation is a citizen of (1) the state under

7    whose laws it is organized or incorporated; and (2) the state of its 'principal place of

8    business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

9         16.    The United States Supreme Court has held that a corporate entity's

10   "principal place of business" for determining its citizenship is its "nerve center."  *The*

11   *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  In determining a corporation's "nerve

12   center," courts are to examine where the "corporation's officers direct, control, and

13   coordinate the corporation's activities," and where the corporation maintains its

14   headquarters.  *Id.* at 92.  Other relevant factors include where corporate executives

15   maintain their offices, where corporate policies and procedures are made, and where

16   primary corporate functions are based.  *See Ho v. Ikon Office Solutions, Inc.*, 143 F.

17   Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where

18   corporations headquarters were located, where the corporate officers worked, and from

19   where the corporate policies and procedures arose).  Thus, the "nerve center" is "where

20   the majority of its executive and administrative functions are performed."  *Tosco v.*

21   *Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citation omitted).

22        17.    US Foods is now, and was at the time of the filing of this action, a citizen of

23   a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See*

24   *Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-

25   93.

26        18.    US Foods is now, and ever since this action commenced has been,

27   incorporated under the laws of the State of Delaware.  (Byrne Decl., ¶ 3.)

28

4

DEFENDANT'S NOTICE OF REMOVAL

19.     Under the "nerve center" test, Illinois emerges as US Foods' principal place of business.  US Foods' corporate headquarters are located in Rosemont, Illinois, where US Foods' high level officers direct, control, and coordinate US Foods' activities. (Byrne Decl., ¶ 4.)  US Foods' high level corporate officers maintain offices in Illinois, and many of US Foods' corporate level functions are performed in or are directed from the Illinois headquarters.  (Byrne Decl., ¶ 4.)

20.     Therefore, for purposes of diversity of citizenship, US Foods is a citizen of Delaware and Illinois, and not a citizen of California.

### C.     Doe Defendants May Be Disregarded

21.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants 1 to 10 does not deprive this Court of jurisdiction.

22.     Because Plaintiff is a citizen of California and US Foods is not a citizen of California, diversity of citizenship exists for purposes of removal.

## IV.     AMOUNT IN CONTROVERSY

23.     While US Foods' denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

24.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from

the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

25.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

26.     Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy . . . In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

27.     Here, considered together, the general and special damages sought by Plaintiffs, along with the attorneys' fees and punitive damages that might be awarded if Plaintiffs prevail, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

DEFENDANT'S NOTICE OF REMOVAL

70503303v.1

### A. Plaintiff's Prayer For Relief Establishes That The Amount In Controversy Is At Least $75,000

28.     When a defendant seeks removal on diversity grounds, "the sum demanded in good faith [by the plaintiff] in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he sum claimed by the plaintiff controls," unless it appears "that the claim is really for less than the jurisdictional amount.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

29.     In Plaintiff's initial pleading, Plaintiff prays "[f]or special compensatory damages, including past and future lost wages and medical expenses, in an amount to be proven, but estimated to be **no less than $200,000**."  (*See* Ex. A, Compl., Prayer for Relief, ¶ 1 (emphasis added).)  Plaintiffs also pray "[f]or general compensatory damages, including past and future emotional distress, in an amount to be proven, but estimated to be **no less than $400,000**."  (*See* Ex. A, Compl., Prayer for Relief, ¶ 2 (emphasis added).)

30.     Accordingly, Plaintiff's demand for an amount of damages of **no less than $600,000** should be deemed the amount in controversy, which satisfies and exceeds the jurisdictional threshold.

### B. Plaintiff's Individual Claims Otherwise Exceed $75,000

31.     Even if Plaintiff had not demanded no less than $600,000 in damages, the amount in controversy requirement is still satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in the Complaint.  *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

32.     In the Complaint, Plaintiff alleges 11 causes of action against US Foods for: (1) "Wrongful Termination in Violation of Public Policies"; (2) "Medical Leave Retaliation"; (3) "Medical Leave Discrimination"; (4) "Retaliation for Requesting and Using Accommodations for Disabilities"; (5) "Failure to Engage in a Timely, Good Faith,

7

70503303v.1

Interactive Process to Determine Reasonable Accommodation for Disability";

(6) "Failure to Reasonably Accommodate Disabilities"; (7) "Disability Discrimination";

(8) "Discrimination Based on Age"; (9) "Retaliation for Opposing Violations of FEHA";

(10) "Failure to Prevent and Stop Harassment, Discrimination, and Retaliation"; and

(11) "Whistleblower Retaliation."

33.     Plaintiff claims damages for general and special damages, including but not limited to past and future lost wages, emotional distress, punitive damages, and attorneys' fees and costs.  (*See* Ex. A, Compl., Prayer for Relief, at ¶¶ 1-3, 7-8; *see also* Ex. A, Compl., ¶¶ 47-48, 51-52, 57-58, 62-63, 66-67, 70-71, 75-76, 80-81, 83-84, 91-92, 95-96, 99-100.)  Thus, it is more likely than not that the amount in controversy exceeds $75,000.

### 1.     Compensatory Damages

34.     Plaintiff was employed by US Foods as an "Order Selector" from approximately October 1989 until approximately September 18, 2020.  (Ex. A, Compl., ¶ 10.)  As a result of his alleged wrongful termination, Plaintiff alleges that he has suffered "general and special damages," including "past and future lost wages."  (Ex. A, Compl., ¶¶ 47, 51, 57, 62, 66, 70, 75, 80, 83, 91, 95, 99; Prayer for Relief, at ¶¶ 1-2.)

35.     At the time of his termination, Plaintiff was a full-time, hourly employee who earned $28.33 per hour.  (Byrne Decl., ¶ 6.)  Given that Plaintiff alleges that he was wrongfully terminated on September 18, 2020, Plaintiff has already incurred at least 37 weeks of lost compensation totaling **$41,928.40** ($28.33 per hour X 40 hours X 37 weeks (September 18, 2020 through June 3, 2021)).

36.     Assuming this matter goes to trial one year after its April 16, 2021 filing, and Plaintiff remains unemployed for a total of 82 weeks (September 18, 2020 to April 16, 2022), Plaintiff J.T.'s lost income would equal **$92,922.40** ($28.33 X 40 hours X 82 weeks (September 18, 2020 to April 16, 2022)).

37.     Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar disability discrimination and wrongful termination cases entered in

8

1  favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See*

2  *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles

3  Sup. Ct.) (award of $1,904,635 to employee in violation of the CFRA and disability

4  discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.)

5  (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for

6  their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los

7  Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination

8  action); *Bisharat v. Los Angeles Unified Sch. Dist.,* 2013 WL 1415554 (Los Angeles Sup.

9  Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination,

10  failure to prevent discrimination, failure to accommodate, failure to engage in the

11  interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL

12  3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability

13  discrimination, retaliation, failure to engage in interactive process, failure to prevent

14  discrimination/harassment, and constructive discharge); *Siglin v. Carden Whittier Sch.*

15  *Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee

16  who was wrongfully terminated in retaliation for taking medical leave in violation of the

17  CFRA); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.)

18  (award of $75,290 to employee in discrimination and violation of California Family

19  Rights Act action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup.

20  Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer

21  for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL

22  1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination

23  action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury

24  award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v.*

25  *Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in

26  discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown &*

27  *Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding

28  employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*,

9

DEFENDANT'S NOTICE OF REMOVAL

2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race).

38.     Plaintiff's allegations that he was discriminated against and discharged because of his medical leave and purported disability are factually similar to the issues in these cases.  US Foods has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

### 2.     Emotional Distress Damages

39.     Plaintiffs also claim damages for emotional distress.  (Ex. A, Compl., ¶ 47; Prayer for Relief, at ¶ 2.)  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

40.     Plaintiff's allegations of emotional distress are similar to the issues raised in these cases.  US Foods has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

### C.     Attorneys' Fees And Costs

41.     Plaintiff also claimd that he is entitled to attorneys' fees and costs.  (*See* Ex. A, Compl., ¶¶ 51, 57, 62, 66, 70, 75, 80, 83, 91, 95; Prayer For Relief, ¶ 8.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

42.     Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving employment-related claims.  *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).  US Foods has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

43.     US Foods anticipates depositions being taken in this case, and that ultimately, US Foods will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Brophy Decl. ¶ 6.)

### D.     Punitive Damages

44.     Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual Benefit Health and*

11
DEFENDANT'S NOTICE OF REMOVAL

70503303v.1

*Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).  (*See* Ex. A, Compl., ¶¶ 52, 58, 63, 67, 71, 76, 81, 84, 92, 96, 100; and Prayer for Relief, ¶ 3.)

45.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases.  *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

46.    Based upon the allegations contained in the Complaint, US Foods is informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.

47.    Because diversity of citizenship exists between the Plaintiff and US Foods, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## V.    VENUE

48.    Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  (*See* Ex. A, Compl.)

## VI.    NOTICE OF REMOVAL

49.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

50.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

51.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through B to this Notice of Removal.

DEFENDANT'S NOTICE OF REMOVAL

## VII.  PRAYER FOR REMOVAL

52.     WHEREFORE, US Foods prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: June 2, 2021                                    SEYFARTH SHAW LLP


By: */s/ David Rosenberg*
      Jonathan L. Brophy
      David Rosenberg
      Attorneys for Defendant
      US FOODS, INC. dba US
      FOODSERVICE, INC.

13

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2021 10:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV14442

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
US FOODS, INC. dba U.S. FOODSERVICE, INC.; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADAM ALBARRAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse,  111 N Hill St, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV14442 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey C. Lyon; Lyon Law PC 3605 Long Beach Blvd. Ste. 311 Long Beach, CA 90807; 310-818-7700

| DATE:<br>*(Fecha)* 04/16/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US Foods, Inc. dba U.S. FoodService, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|



For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]    [ Save this form ]    [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2021 10:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV14442

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
US FOODS, INC. dba U.S. FOODSERVICE, INC.; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADAM ALBARRAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, 111 N Hill St, Los Angeles, CA 90012 | 21STCV14442 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey C. Lyon; Lyon Law PC 3605 Long Beach Blvd. Ste. 311 Long Beach, CA 90807; 310-818-7700

| DATE: *(Fecha)* 04/16/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* R. Perez | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]   [Save this form]   [Clear this form]

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Elizabeth Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                      )
                      )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

1   d) Documents in Related Cases

2       Documents in related cases must be electronically filed in the eFiling portal for that case type if

3       electronic filing has been implemented in that case type, regardless of whether the case has

4       been related to a Civil case.

5   3) EXEMPT LITIGANTS

6       a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7           from mandatory electronic filing requirements.

8       b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9           Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10          from filing documents electronically and be permitted to file documents by conventional

11          means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13      a) The following documents shall not be filed electronically:

14          i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15               Civil Procedure sections 170.6 or 170.3;

16          ii)  Bonds/Undertaking documents;

17          iii) Trial and Evidentiary Hearing Exhibits

18          iv)  Any ex parte application that is filed concurrently with a new complaint including those

19               that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20          v)   Documents submitted conditionally under seal. The actual motion or application shall be

21               electronically filed. A courtesy copy of the electronically filed motion or application to

22               submit documents conditionally under seal must be provided with the documents

23               submitted conditionally under seal.

24      b) Lodgments

25      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-09

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION – DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department.

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____

| MAILING ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| | | |

| TELEPHONE NO.: | FAX NO. (Optional): |
| --- | --- |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
| --- | --- |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR PLAINTIFF)

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR DEFENDANT)

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR DEFENDANT)

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR DEFENDANT)

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR _____)

Date:

_____                    >  _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR _____)

_____                       _____
(TYPE OR PRINT NAME)                                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
| --- | --- |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| LACIV 094 (new)<br>LASC Approved 04/11<br>For Optional Use | **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) |
| --- | --- |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by videoconference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. Arbitration: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. Mandatory Settlement Conferences (MSC): MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/16/2021 |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV14442 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 04/16/2021
(Date)                                By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Case 2:21-cv-04556-MRW Document 1 Filed 06/02/21 Page 39 of 86 Page ID #:39
Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2021 10:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV14442

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

GEOFFREY C. LYON (SBN 132747)
*glyon@lyonlawyer.com*
**LYON LAW PC**
3605 Long Beach Blvd. Ste. 311
Long Beach, CA 90807
Tel: 310-818-7700; Fax: 424-832-7405

Attorney for Plaintiff,
ADAM ALBARRAN

## SUPERIOR COURT OF CALIFORNIA— COUNTY OF LOS ANGELES

## CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| ADAM ALBARRAN;<br><br>Plaintiff,<br><br>vs.<br><br>US FOODS, INC. dba U.S. FOODSERVICE, INC.; and DOES 1 to 10,<br><br>Defendants. | Case No. 21STCV14442<br><br>**COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION IN EMPLOYMENT AND RELATED CLAIMS**<br><br>Unlimited Jurisdiction<br>Jury Trial Demanded<br><br>Judge: To be assigned<br>Dept: To be assigned<br><br>Complaint Filed:<br>Trial Date: None Set |

COMES NOW PLAINITFF ADAM ALBARRAN ("Plaintiff") and for his causes of action against Defendant US FOODS, INC. dba U.S. FOODSERVICE, INC. ("Employer"), and DOES 1-10, alleges as follows:

-1-
COMPLAINT

# I.

## SUBJECT MATTER JURISDICTION

1.      This action is brought pursuant to California Govt. Code sections § 12940; § 12945.2; Labor Code § 1102.5; California tort law and Civ. Code § 3294.

2.      Plaintiff has timely exhausted Plaintiff's administrative remedies with respect to the named defendant(s).  True and correct copies of Plaintiff's administrative complaint(s) to, and Right-To-Sue Notice(s) from, the California Department of Fair Employment and is attached hereto as Exhibit 1 and incorporated herein.

3.      This Court has subject matter jurisdiction over the causes of action alleged in this complaint.

# II.

## PERSONAL JURISDICTION AND VENUE

4.      At all relevant times, Plaintiff ADAM ALBARRAN is and was an individual residing in the County of Los Angeles, State of California.

5.      At all relevant times, Defendant US FOODS, INC., is and was a corporation organized under the laws of the State of Delaware, authorized to do and doing business in the County of Los Angeles, State of California.

6.      The violations of law described in this complaint have been committed within the County of Los Angeles, State of California.

7.      Pursuant to section 393 of the California Code of Civil Procedure, the County of Los Angeles is a proper and legal venue for this case.

8.      The true names and capacities of the Defendants named herein as DOES 1 to 10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

9.      The wrongful conduct of Employer set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages and benefits and health care expenses, and other general, special and statutory damages in amounts to be proven.

### III.

### GENERAL ALLEGATIONS

10.    Plaintiff ADAM ALBARRAN (hereafter, "Plaintiff.") was employed by Defendant US FOODS, INC. dba U.S. FOODSERVICE, INC. ("Employer") from approximately October 4, 1989 through Plaintiff's termination on or about September 18, 2020.  Plaintiff worked at Employer's location at 15155 Northam St., La Mirada, CA, 90638.  Plaintiff's job title was "Utility Order Selector." Plaintiff worked under managers and supervisors including Enrique Ramirez ("Supr. Ramirez"). Additionally, Plaintiff worked under Manager Richard Starke ("Mgr. Starke") who, on information and belief, supervised Enrique Ramirez.

11.    At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

12.    In or around September 2019, Defendant Employer made changes to the way that employees were assigned their work stations for the day. Based on the time that Plaintiff started his work day, Plaintiff started working in the ice cream and frozen foods section. This was the first time that Plaintiff worked in the ice cream and frozen foods section. In the ice cream and frozen foods section, employees view "bills" in order to determine which frozen food orders they needed to collect for a specific route that a truck would take that day. Based on the bill order, employees determined which bin size they would need to contain all of the frozen food items on that route. Although a bill might state that there are, for example, 15 frozen items for a particular order, that order could contain only 4 ice cream items. The rest of the frozen items came in throughout the rest of the day and employees would search for those items in the warehouse. Employees were required to keep track of their "delay time" or the time that an employee took between finding the ice cream order and the next order.

13.    In or about mid-March 2020, Defendant Employer started merging multiple frozen food bills together. Instead of showing only one route, the bill would display two routes. Plaintiff needed to adjust his strategy in order to minimize his time searching for orders and maximize how many items he could fit on his pallet jack. This change resulted in increased times to fulfill orders, and increased "delay" times. Additionally, prior to this change, the "bills" would specify which pallet an item would need to go on. However, after the change, the bill would not indicate which pallet the items would go on.

14.    In or about Mid-March 2020, Plaintiff's supervisors and other employees, including but not limited to Supr. Ramirez, foreman David Mott ("Foreman Mott") and Supr. Starke, started

to make comments comparing Plaintiff's order selecting speed to the speed of other employees. These comments, in words or substance, included "This employee would have been done already, he is way faster than you." Plaintiff's supervisors compared his speed to Warren Pescador ("Employee Pescador"). On information and belief, Employee Pescador had worked in ice cream for approximately 6-7 years. On information and belief, Employee Pescador is in his early thirties. Plaintiff's supervisors made these comments approximately once per week through the end of Plaintiff's employment with Defendant Employer.

15. On information and belief, supervisors at Defendant Employer did not criticize other Order Selectors with limited experience in their department, including but not limited to Gilbert Huerta ("Employee Huerta"). On information and belief, Employee Huerta is in his mid-thirties.

16. On or around March 8, 2020, Plaintiff purchased insulated freezer boots that he required for work. Employees who purchased insulated freezer boots received reimbursement in the amount of $100 once per year.

17. In or around mid-April 2020, Supr. Ramirez called Plaintiff into his office. Supr. Ramirez told Plaintiff that he would need to "watch his delay times" because Supr. Ramirez's supervisors were "on him" about his employees' excessive delay times. Plaintiff explained that with the change that Defendant Employer made in February 2020, it took a longer time to locate the items and fulfill orders. Plaintiff explained that employees had to follow the sequence specified by the bill, as the items were frozen. Additionally, with the change, Plaintiff started to run out of bags and dry ice quicker than before the change. Supr. Ramirez replied, in words or substance, "Do I need to have a supervisor follow you around?" Plaintiff replied that he actually wanted a supervisor to follow him around so that he could better be trained in the ice cream and frozen foods department. Additionally, Plaintiff reminded Supr. Ramirez that he had not yet been trained in receiving. However, Supr. Ramirez never followed up with Plaintiff regarding the training.

18. Starting in or around mid-April 2020 and through Plaintiff's employment with US Foods, Defendant US Foods often made excuses in order to not train Plaintiff in receiving, including the excuse that Defendant Employer was short-staffed or that there was no time to train Plaintiff. Based on Plaintiff's seniority at US Foods, Plaintiff should have been trained prior to employees with less seniority. This meant that during Plaintiff's night shift, when items arrived to the warehouse, they were not "received" until the next morning. However, in September 2019, after Plaintiff began working in the ice cream and frozen section, Defendant Employer began training other employees in receiving, including Steve Blankenship ("Employee Blankenship") and

<div align="center">-4-</div>
<div align="center">COMPLAINT</div>

Employee Pescador. On information and belief, Employee Pescador had only been a utility order selector for a month, and had worked at US Foods for 6 to 7 years. On information and belief, employee Blankenship is in his late twenties.

19.    In or around May, Plaintiff followed up with Supr. Ramirez regarding the status of the work boot reimbursement request Plaintiff made in March 2020. Typically, employees receive disbursements within 30 days. Supr. Ramirez stated that they were still working on the reimbursement due to delays associated with COVID-19 and that they would get back to him.

20.    Approximately one week later, Plaintiff followed up with Supr. Starke regarding the status of the work boot reimbursement request. Supr. Starke replied that he would need to follow up with Supr. Ramirez. When Plaintiff again followed up with Supr. Ramirez, Supr. Ramirez stated that US Foods was still processing his request.

21.    On or about June 10, 2020, when Plaintiff arrived to work, he noticed a large block of dry ice on the ground and dry ice covering the back corner of the warehouse floor. The block of dry ice was approximately 4 by 7 feet. The block of dry ice presented a tripping hazard to Plaintiff and other employees working in the warehouse. Plaintiff reported the dry ice block to Supr. Ramirez via text message at approximately 6:00 PM. Supr. Ramirez stated that maintenance was on their way. Maintenance did not clean up the dry ice until approximately 8:00 PM.

22.    In or around mid-June 2020, Supr. Ramirez again brought Plaintiff into his office. Supr. Ramirez told Plaintiff he needed to "watch his delay times" because Supr. Ramirez's supervisors were still "getting onto him" about Supr. Ramirez's employees' delay times. Supr. Ramirez stated that Plaintiff's delay times "stuck out like a sore thumb." Plaintiff again explained that with the change that Defendant Employer made in February 2020, it took a longer time to locate the items and fulfill orders. Plaintiff again explained that employees had to follow the sequence specified by the bill, as the items were frozen. Additionally, with the change, Plaintiff started to run out of bags and dry ice quicker than before the change. Supr. Ramirez replied, again, in words or substance, "Do I need to have a supervisor follow you around?" Plaintiff replied that he actually wanted a supervisor to follow him around so that he could better be trained in the ice cream and frozen foods department. Supr. Ramirez never followed up with Plaintiff regarding the training.

23.    On or about June 28, 2020, when Plaintiff arrived to work, he noticed small chunks of dry ice covering the ground in the back corner of the warehouse. This presented a tripping and slipping hazard to Plaintiff and other employees in the warehouse. Plaintiff reported the dry ice pieces to Supr. Ramirez via text message at 6:29 p.m. Supr. Ramirez responded that Plaintiff should contact management to take care of the ice. Over an hour later, the dry ice was still on the floor of

the warehouse, so Plaintiff again texted Supr. Ramirez. Supr. Ramirez responded that the maintenance employee was on his way. Maintenance did not clean up the dry ice until approximately 8:00 PM.

24.   During the period of Plaintiff's employment with Employer, Plaintiff had, and/or was perceived by Employer as having and/or likely to have disabilities in the future. These disabilities included but are not limited to susceptibility to COVID-19, and related physical symptoms, including shortness of breath, greatly restricted mobility and severe weakness in the affected parts of the body, and other related symptoms, conditions and limitations. Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting Plaintiff's major life activities, including ability to work.

25.   On or about July 23, 2020, Plaintiff's partner, who is a nurse, was tested for COVID-19 as part of a routine testing protocol. On or about July 24, 2020, Plaintiff's partner received notice that she tested positive for COVID-19. Because Plaintiff and his partner live together, Plaintiff reasonably assumed that he was exposed to COVID-19 and was likely infected with the virus. As soon as Plaintiff received notice that his partner tested positive for COVID-19, Plaintiff called Supr. Starke to inform him that Plaintiff was exposed to COVID-19. Plaintiff asked Supr. Starke if he needed to take any steps with Defendant Employer as to secure medical leave. Supr. Starke informed Plaintiff that he needed to call Defendant Employer's 1-800 COVID-19 number. When Plaintiff called the phone number, he was told that once his partner was able to return to work, he would need to wait an additional 10 days prior to returning to work. Plaintiff was not able to return to work until August 23, 2020.

26.   On information and belief, in or around June 2020, Supr. Starke left work for approximately a month due to COVID-19.

27.   On information and belief, in or around mid-August 2020, Supr. Ramirez left work for approximately three weeks due to COVID-19.

28.   On or about August 23, 2020, when Plaintiff returned to work, he noticed trash all over the floor of the warehouse. This presented a tripping and slipping hazard to Plaintiff and other employees. This also made Plaintiff's job more difficult, because he had less room to navigate the warehouse floor. Plaintiff reported the trash to Supr. Ramirez via text message. Supr. Ramirez did not respond. On information and belief, the trash was not cleaned up until on or about August 25, 2020.

29.   On or about August 30, 2020, Supr. Starke brought Plaintiff into his office. Supr. Starke told Plaintiff that Plaintiff had been "dishonest" with the delay times that Plaintiff had

1  reported. Shop Steward Felipe Osorio ("Steward Osorio") was present for this conversation.

2  Plaintiff explained that as soon as he finished putting down the ice cream, his delay time started.

3  Plaintiff told Supr. Starke that he wanted to be sure that he was correctly tracking his delay times, and asked for clarification regarding the directions for tracking the delay times. Supr. Starke did not

4  respond. Supr. Starke informed Plaintiff that he would be suspended from August 30, 2020 to

5  September 18, 2020 as he was under investigation. During this meeting, Plaintiff noticed that his

6  reimbursement request from March 2020 was still sitting on Supr. Ramirez's desk.

7          30.     On or about September 3, 2020, Plaintiff submitted a written grievance to his union

8  representative Adam (last name unknown) ("Rep. Adam"). Plaintiff also submitted the written

9  grievance to Steward Osorio. The written grievance stated that Defendant decided to suspend Plaintiff because there were discrepancies on his delay sheet, and when he asked management how

10  he should record his delays, management could not answer his question. Plaintiff also asked the

11  company to reinstate him.

12          31.     On or about September 16, 2020, Plaintiff met with Supr. Starke, Steward Osorio,

13  Union Representative Adam Ortiz ("Rep. Ortiz") and Supervisor Adrian LNU ("Last Name

14  Unknown") ("Supr. Adrian") as a result of the grievance he submitted. The supervisors asked Plaintiff questions about his job duties, how he writes his delays, the cause of his delays, and related

15  questions. Plaintiff again explained that as soon as he finished putting down the ice cream, his delay

16  time started. Plaintiff also detailed the way that the changes made in March 2020 had slowed him

17  down, and that he had not received any training on how to minimize his time with the changes that

18  were made to the bills. Plaintiff expressed to the supervisors that he wanted to return to his job, and

19  asked if there was anything he could do to return to his job. The supervisors stated that they would take the information provided into consideration and let Plaintiff know their decision. Shortly after

20  the meeting, Plaintiff spoke with Steward Osorio. Steward Osorio informed Plaintiff that he was

21  under the impression that Defendant Employer intended to bring Plaintiff back to work, as Supr.

22  Ramirez stated that it was "just an investigation."

23          32.     On or about September 18, 2020, Plaintiff was terminated via phone call with Rep.

24  Adam. Rep. Adam did not have any information regarding the reason that Plaintiff was terminated.

25  The same day, Plaintiff went to US Foods to pick up his last check and the items that were in his

26  locker. Supr. Ramirez stated that he would need to come back later to retrieve his items, but that Supr. Ramirez would inform Plaintiff when he would be able to retrieve his items. Supr. Ramirez

27  never contacted Plaintiff about retrieving his items.

28          33.     On or about October 15, 2020, Plaintiff had another meeting with Supr. Starke,

Steward Osorio, Rep. Ortiz, and Supr. Adrian. During this meeting, the supervisors asked Plaintiff if there was any other information that he wanted to provide them. Plaintiff replied that he could not think of any other information that he could provide. The supervisors then said that they would get back to Plaintiff with their decision. Later that week, Rep. Adam stated that he would remain terminated.

34.     In or around October 2020, Steward Osorio informed Plaintiff that Defendant US Foods did not know where his personal items were.

35.     To date, Plaintiff has not received reimbursement from his work boot purchase in March 2020.

36.     To date, Plaintiff has not received his personal belongings from his work locker at Defendant Employer. These items include work boots, valued at $153.29, Milwaukee batteries, valued at $310, a sweatshirt, valued at $45, and an undershirt, valued at $30.

37.     On information and belief, employee Alex Cervion ("Employee Cervion") was also suspended based on an investigation into his delay time. On information and belief, Employee Cervion is in his late thirties. On information and belief, Employee Cervion did not make complaints of an unsafe work environment nor did Employee Cervion take a medical leave. On information and belief, Employee Cervion was brought back to his position after his suspension with a "letter" stating that instead of termination, Defendant Employer would give Employee Cervion one last chance.

38.     On information and belief, employee Rodolfo Almazan ("Employee Almazan") was also suspended based on an investigation into his delay time. On information and belief, Employee Almazan is in his early thirties. On information and belief, Employee Almazan did not make complaints of an unsafe work environment nor did Employee Almazan take a medical leave. On information and belief, Employee Almazan was brought back to his position after his suspension with a "letter" stating that instead of termination, Defendant Employer would give Employee Cervion one last chance.

39.     On information and belief, employee David Barragon ("Employee Barragon") was also suspended based on an investigation into his delay time. On information and belief, Employee Barragon is in his mid-twenties. On information and belief, Employee Barragon did not make complaints of an unsafe work environment nor did Employee Barragon take a medical leave. On information and belief, Employee Barragon was brought back to his position after his suspension without any "letters."

40.     Employer was substantially motivated to and did discriminate and retaliate against

-8-
COMPLAINT

1   Plaintiff based upon Plaintiff's actual and perceived disabilities and likelihood of becoming
2   disabled and Plaintiff's attempts to and exercise of Plaintiff's right to accommodations, and
    retaliated against Plaintiff's opposition to disability discrimination and OSHA violations.
3       41.     Employer's discriminatory adverse employment actions against Plaintiff included
4   excessive, unfair and/or false criticisms, removal of responsibilities, exclusion from
5   communications that would have assisted Plaintiff in performing Plaintiff's duties, less desirable
6   schedule and pay, reduction in Plaintiff's opportunity for success and advancement, assignment to
7   more menial, difficult and/or dirty tasks, failure and refusal to stop the harassment and
    discrimination, denial of training and otherwise discriminating and retaliating against Plaintiff in the
8   terms and conditions and existence of Plaintiff's employment, and finally, on or about September
9   18, 2020, terminating, and thereafter refusing to reinstate, Plaintiff's employment.
10      42.     Employer's supervisors and managers knew and had reason to know Plaintiff
11  opposed Employer's discriminatory and retaliatory adverse employment actions.  Employer
12  retaliated against Plaintiff for opposing harassment, discrimination and retaliation by subjecting
13  Plaintiff to additional adverse employment actions.
14      43.     On information and belief, Employer replaced Plaintiff with a less qualified
    individual not in Plaintiff's protected class.
15      44.     On information and belief, Employer harassed, discriminated and/or retaliated
16  against other employees based on the same protected class as Plaintiff.
17      45.     On information and belief, Employer did not terminate or discipline other
18  employees outside Plaintiff's protected class as severely for the same purported deficiencies for
19  which Employer terminated and/or disciplined Plaintiff.
20      46.     On information and belief Defendants had policies and practices of depriving and
21  retaliating against Plaintiff and others for attempts to exercise their rights to accommodations and
    disability rights.
22      47.     As the proximate result of Defendants' wrongful conduct, Plaintiff has and will
23  suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but
24  estimated to be no less than $200,000.  As the proximate result of Defendants' wrongful conduct,
25  Plaintiff has and will suffer emotional distress damages in an amount to be determined in the
26  discretion of the trier of fact, but estimated to be no less than $400,000.
27      48.     Supr. Starke, Supr. Ramirez, and Supr. Adrian are managing agents of Employer
28  because on information and belief they set policies for Employer, including by determining what to
    enforce, had responsibility for compliance, had the power to make highly influential hiring and

firing recommendations, and manage, supervise, evaluate and discipline other managers, and enter into binding agreements on behalf of Employer. They participated in and/or ratified the discriminatory, retaliatory and unlawful termination of Plaintiff.

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES

## COMMON LAW TORT

### By Plaintiff against Employer

49.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

50.     Employer discharged Plaintiff in violation of important and well-established public policies, set forth in various statutes and Constitutional provisions including but not limited to Government Code § 12940, see §§ 12920 and 12926 (employment discrimination and retaliation); Cal. Const. Art. I, § 8 (employment discrimination); Govt. Code §§ 12945.2 (medical leave discrimination and retaliation).

51.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

52.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SECOND CAUSE OF ACTION

## MEDICAL LEAVE RETALIATION

## GOVT. CODE § 12945.2 (CFRA)

### By Plaintiff against Employer

53.     Plaintiff realleges and incorporates in this cause of action all numbered Paragraphs above that precede the title block for the "First Cause of Action."

54.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring

medical disability leave for flareups and medical evaluation and treatment and recuperation from treatment, sometimes during working hours.

55.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave. Plaintiff had a serious medical condition requiring that she periodically take time of work.

56.     Employer took adverse employment actions against Plaintiff in retaliation for Plaintiff's attempts to and exercise of Plaintiff's rights to medical leave under Govt. Code § 12945.2, and in retaliation for Plaintiff's opposition to Employer's interference with Plaintiff's rights. Employer's retaliation violated Govt. Code § 12945.2, including subsection (l).

57.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

58.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## THIRD CAUSE OF ACTION

## MEDICAL LEAVE DISCRIMINATION

### Govt. Code § 12945.2 (CFRA)

### By Plaintiff against Employer

59.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

60.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring medical disability leave for flareups and medical evaluation and treatment and recuperation from treatment, sometimes during working hours.

61.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave.

62.     On information and belief, Employer discouraged Plaintiff from taking and denied

Plaintiff medical leave from work in violation of Govt. Code § 12945.2, in part by terminating Plaintiff's employment to prevent Plaintiff from taking medical leave from work in the future. Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

63.   Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## FOURTH CAUSE OF ACTION

## RETALIATION FOR REQUESTING AND USING ACCOMMODATIONS FOR DISABILITIES

## GOVT. CODE § 12940(m)

### By Plaintiff against Employer and Defendant

64.   Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

65.   Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring medical disability leave for flareups and medical evaluation and treatment and recuperation from treatment, sometimes during working hours.

66.   Employer retaliated against Plaintiff for requesting and using accommodations for his disabilities, including time off work for flareups in symptoms and treatment, and some efforts at self-accommodation. Employer's conduct violated Govt. Code § 12940, including subsection (m). Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

67.   Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## FIFTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS TO DETERMINE REASONABLE ACCOMMODATION FOR DISABILITY

### Govt. Code § 12940(n)

#### By Plaintiff against Employer

68.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action.".

69.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring medical disability leave for flareups and medical evaluation and treatment and recuperation from treatment, sometimes during working hours.

70.     Employer failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disabilities. Employer discouraged Plaintiff from taking further leave.  This violated Govt. Code § 12940, including subsection (n). Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

71.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SIXTH CAUSE OF ACTION

## FAILURE TO REASONABLY ACCOMMODATE DISABILITIES

### Govt. Code § 12940(m)

#### By Plaintiff against Employer

72.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

73.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring medical disability leave for flareups and medical evaluation and treatment and recuperation from

-13-

treatment, sometimes during working hours.

74.     Employer failed to make reasonable accommodations for the disabilities of Plaintiff. Employer tried to intimidate Plaintiff to prevent Plaintiff from requesting further accommodations. This violated Govt. Code § 12940, including subsection (m).

75.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

76.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SEVENTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION
### Govt. Code § 12940(a)
#### By Plaintiff against Employer

77.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

78.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or likely to have future disabilities, including but not limited to COVID-19 and increased risks from COVID-19, and related conditions and symptoms requiring medical disability leave for flareups and medical evaluation and treatment and recuperation from treatment, sometimes during working hours.

79.     Employer took adverse employment actions against Plaintiff, including termination, that were substantially motivated by Plaintiff's protected class.  This violated Govt. Code 12940, including subsection (a).

80.     Employer's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney's fees.

81.     Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## EIGHTH CAUSE OF ACTION

### DISCRIMINATION BASED ON AGE – DISPARATE TREATMENT

#### Govt. Code § 12940

#### By Plaintiff against Employer

82.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

Employer took adverse employment actions against Plaintiff substantially motivated by Plaintiff's age, 51. Employer's discrimination and disparate treatment violated Govt. Code 12940, including subsection (a).

83.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

84.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## NINTH CAUSE OF ACTION

### RETALIATION FOR OPPOSING VIOLATIONS OF FEHA (Govt. Code § 12900, et seq.)

#### Govt. Code § 12940(h)

#### By Plaintiff against Employer

89.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

90.     Employer took adverse employment actions against Plaintiff substantially motivated by, and in retaliation for, Plaintiff's opposition to Employer's violation of FEHA, Govt. Code §§ 12900-12996, including Govt. Code §§ 12940 (discrimination), 12945.2 (family/medical leave); see Govt. Code 12920, 12926. Employer's retaliation violated Govt. Code § 12940, including subsection (h).

91.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

92.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not

to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## TENTH CAUSE OF ACTION

## FAILURE TO PREVENT AND STOP HARASSMENT, DISCRIMINATION AND RETALIATION

### Govt. Code § 12940(j), (k)

### By Plaintiff against Employer

93.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

94.    Employer knew or reasonably should have known of the harassment, discrimination and retaliation against Plaintiff. Employer failed to take all reasonable steps to prevent these from occurring to Plaintiff, including but not limited to failing to take complaints seriously, failing to timely and thoroughly investigate and document evidence of harassment, discrimination and retaliation, failing to report the results of its investigation to Plaintiff, and failing to take timely and appropriate corrective and preventive action to stop the harassment, discrimination and retaliation. This violated Govt. Code § 12940, including subsections (j) and (k).

95.    Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

96.    Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## ELEVENTH CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

### Labor Code §§ 1102.5 & 1102.6

### By Plaintiff against Employer

97.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

98.    Plaintiff reported to supervisors, and refused to participate in, Employer's activities that Plaintiff reasonably believed, would result in a violation of, or noncompliance with, state or

federal regulations, statutes or Constitutional provisions, including but not limited to Cal. Govt. Code 12940, 12945.2, Cal. Labor Code, and workplace safety laws including Cal-OSHA. Employer was substantially motivated to, and did, take adverse employment actions against Plaintiff in retaliation for Plaintiff's protected activities, in violation of Labor Code §§ 1102.5 & 1102.6.

99.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.

100.    Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was perpetrated, known, authorized and/or ratified by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## V.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1.  For special compensatory damages, including past and future lost wages and medical expenses, in an amount to be proven, but estimated to be no less than $200,000;

2.  For general compensatory damages, including for past and future emotional distress, in an amount to be proven, but estimated to be no less than $400,000;

3.  For punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven;

4.  For statutory damages and penalties, including under the Labor Code, including § 1102.5;

5.  For injunctive relief;

6.  For prejudgment interest;

7.  For costs of suit, including under CCP 1033.5, in an amount to be proven;

8.  For reasonable attorneys' fees, including litigation assistant fees, including under Govt. Code § 12965, in an amount to be proven;

-17-
COMPLAINT

9.    For such other and further relief as the court deems just and proper.

DATED:  April 9, 2021                          LYON LAW PC

By:  Geoffrey Lyon, Esq
Attorney for Plaintiff,
ADAM ALBARRAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-18-
COMPLAINT

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED:  April 9, 2021        LYON LAW PC

By:  Geoffrey C. Lyon
Attorney for Plaintiff,
ADAM ALBARRAN

-19-
COMPLAINT

**EXHIBIT 1**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                       KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 8, 2021

Geoffrey Lyon
3605 Long Beach Blvd, Ste 311
Long Beach, California 90807

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202104-13159707
      Right to Sue: Albarran / US FOODS, INC. dba U.S. Foodservice, INC.

Dear Geoffrey Lyon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 8, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13159707
      Right to Sue: Albarran / US FOODS, INC. dba U.S. Foodservice, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                 GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 8, 2021

Adam Albarran
9202 1/2 Artesia Blvd.
Bellflower, California 90706

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202104-13159707
      Right to Sue: Albarran / US FOODS, INC. dba U.S. Foodservice, INC.

Dear Adam Albarran:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 8, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5    Adam Albarran                                             DFEH No. 202104-13159707

6                                    Complainant,

7    vs.

8    US FOODS, INC. dba U.S. Foodservice, INC.
     15155 Northam St

9    La Mirada, California 90638

10                                   Respondents

11   ─────────────────────────────────────────

12
     1. Respondent **US FOODS, INC. dba U.S. Foodservice, INC.**  is an **employer US FOODS,**
13   **INC. dba U.S. Foodservice, INC.** subject to suit under the California Fair Employment and
     Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
14

15
     2. Complainant **Adam Albarran**, resides in the City of **Bellflower**, State of **California.**
16

17   3. Complainant alleges that on or about **October 15, 2020**, respondent took the
     following adverse actions:
18

19   **Complainant was harassed** because of complainant's race, ancestry, national origin
     (includes language restrictions), genetic information or characteristic, disability (physical or
20   mental), medical condition (cancer or genetic characteristic), age (40 and over), other,
     association with a member of a protected class, family care or medical leave (cfra).
21
     **Complainant was discriminated against** because of complainant's race, ancestry, color,
22   genetic information or characteristic, disability (physical or mental), medical condition
     (cancer or genetic characteristic), age (40 and over), other, association with a member of a
23   protected class, family care or medical leave (cfra) and as a result of the discrimination was
     terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, suspended,
24   demoted, asked impermissible non-job-related questions, denied any employment benefit or
     privilege, denied reasonable accommodation for a disability, denied employer paid health
25   care while on pregnancy disability leave, other, denied work opportunities or assignments,
     denied or forced to transfer, denied family care or medical leave (cfra).
26
                                              -1-
27                          *Complaint – DFEH No. 202104-13159707*

28   Date Filed: April 8, 2021

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied employer paid health care while on pregnancy disability leave, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Plaintiff ADAM ALBARRAN (hereafter, "Plaintiff.") was employed by Defendant
US FOODS, INC. dba U.S. FOODSERVICE, INC. ("Employer") from approximately October 4, 1989 through Plaintiff's termination on or about September 18, 2020. Plaintiff worked at Employer's location at 15155 Northam St., La Mirada, CA, 90638. Plaintiff's job title was "Utility Order Selector." Plaintiff worked under managers and supervisors including Enrique Ramirez ("Supr. Ramirez"). Additionally, Plaintiff worked under Manager Richard Starke ("Mgr. Starke") who, on information and belief, supervised Enrique Ramirez.

At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

In or around September 2019, Defendant Employer made changes to the way that employees were assigned their work stations for the day. Based on the time that Plaintiff started his work day, Plaintiff started working in the ice cream and frozen foods section. This was the first time that Plaintiff worked in the ice cream and frozen foods section. In the ice cream and frozen foods section, employees view "bills" in order to determine which frozen food orders they needed to collect for a specific route that a truck would take that day. Based on the bill order, employees determined which bin size they would need to contain all of the frozen food items on that route. Although a bill might state that there are, for example, 15 frozen items for a particular order, that order could contain only 4 ice cream items. The rest of the frozen items came in throughout the rest of the day and employees would search for those items in the warehouse. Employees were required to keep track of their "delay time" or the time that an employee took between finding the ice cream order and the next order.

In or about mid-March 2020, Defendant Employer started merging multiple frozen food bills together. Instead of showing only one route, the bill would display two routes. Plaintiff needed to adjust his strategy in order to minimize his time searching for orders and maximize how many items he could fit on his pallet jack. This change resulted in increased times to fulfill orders, and increased "delay" times. Additionally, prior to this change, the "bills" would specify which pallet an item would need to go on. However, after the change, the bill would not indicate which pallet the items would go on.

In or about Mid-March 2020, Plaintiff's supervisors and other employees, including but not limited to Supr. Ramirez, foreman David Mott ("Foreman Mott") and Supr. Starke, started to make comments comparing Plaintiff's order selecting speed to the speed of other employees. These comments, in words or substance, included "This employee would have

<div align="center">-2-</div>

Date Filed: April 8, 2021

1   been done already; he is way faster than you." Plaintiff's supervisors compared his speed to
2   Warren Pescador ("Employee Pescador"). On information and belief, Employee Pescador
    had worked in ice cream for approximately 6-7 years.  On information and belief, Employee
3   Pescador is in his early thirties. Plaintiff's supervisors made these comments approximately
    once per week through the end of Plaintiff's employment with Defendant Employer.
4           On information and belief, supervisors at Defendant Employer did not criticize
    other Order Selectors with limited experience in their department, including but not limited to
5   Gilbert Huerta ("Employee Huerta"). On information and belief, Employee Huerta is in his
    mid-thirties.
6           On or around March 8, 2020, Plaintiff purchased insulated freezer boots that he
7   required for work. Employees who purchased insulated freezer boots received
    reimbursement in the amount of $100 once per year.
8           In or around mid-April 2020, Supr. Ramirez called Plaintiff into his office. Supr.
    Ramirez told Plaintiff that he would need to "watch his delay times" because Supr. Ramirez's
9   supervisors were "on him" about his employees' excessive delay times. Plaintiff explained
    that with the change that Defendant Employer made in February 2020,  it took a longer time
10  to locate the items and fulfill orders. Plaintiff explained that employees had to follow the
    sequence specified by the bill, as the items were frozen. Additionally, with the change,
11  Plaintiff started to run out of bags and dry ice quicker than before the change. Supr. Ramirez
    replied, in words or substance, "Do I need to have a supervisor follow you around?" Plaintiff
12  replied that he actually wanted a supervisor to follow him around so that he could better be
    trained in the ice cream and frozen foods department. Additionally, Plaintiff reminded Supr.
13  Ramirez that he had not yet been trained in receiving.  However, Supr. Ramirez never
    followed up with Plaintiff regarding the training.
14          Starting in or around mid-April 2020 and through Plaintiff's employment with US
    Foods, Defendant US Foods often made excuses in order to not train Plaintiff in receiving,
15  including the excuse that Defendant Employer was short-staffed or that there was no time to
    train Plaintiff. Based on Plaintiff's seniority at US Foods, Plaintiff should have been trained
16  prior to employees with less seniority.  This meant that during Plaintiff's night shift, when
17  items arrived to the warehouse, they were not "received" until the next morning. However, in
    September 2019, after Plaintiff began working in the ice cream and frozen section,
18  Defendant Employer began training other employees in receiving, including Steve
    Blankenship ("Employee Blankenship") and Employee Pescador. On information and belief,
19  Employee Pescador had only been a utility order selector for a month, and had worked at
    US Foods for 6 to 7 years. On information and belief, employee Blankenship is in his late
    twenties.
20          In or around May, Plaintiff followed up with Supr. Ramirez regarding the status of
21  the work boot reimbursement request Plaintiff made in March 2020. Typically, employees
    receive disbursements within 30 days. Supr. Ramirez stated that they were still working on
22  the reimbursement due to delays associated with COVID-19 and that they would get back to
    him.
23          Approximately one week later, Plaintiff followed up with Supr. Starke regarding the
    status of the work boot reimbursement request. Supr. Starke replied that he would need to
24  follow up with Supr. Ramirez. When Plaintiff again followed up with Supr. Ramirez, Supr.
    Ramirez stated that US Foods was still processing his request.
25          On or about June 10, 2020, when Plaintiff arrived to work, he noticed a large block
26
27                                              -3-
                                *Complaint – DFEH No. 202104-13159707*
28  Date Filed: April 8, 2021

1  of dry ice on the ground and dry ice covering the back corner of the warehouse floor. The
block of dry ice was approximately 4 by 7 feet. The block of dry ice presented a tripping
2  hazard to Plaintiff and other employees working in the warehouse. Plaintiff reported the dry
ice block to Supr. Ramirez via text message at approximately 6:00 PM. Supr. Ramirez
3  stated that maintenance was on their way. Maintenance did not clean up the dry ice until
approximately 8:00 PM.
4       In or around mid-June 2020, Supr. Ramirez again brought Plaintiff into his office.
Supr. Ramirez told Plaintiff he needed to "watch his delay times" because Supr. Ramirez's
5  supervisors were still "getting onto him" about Supr. Ramirez's employees' delay times.
Supr. Ramirez stated that Plaintiff's delay times "stuck out like a sore thumb." Plaintiff again
6  explained that with the change that Defendant Employer made in February 2020, it took a
longer time to locate the items and fulfill orders. Plaintiff again explained that employees had
7  to follow the sequence specified by the bill, as the items were frozen. Additionally, with the
change, Plaintiff started to run out of bags and dry ice quicker than before the change. Supr.
8  Ramirez replied, again, in words or substance, "Do I need to have a supervisor follow you
around?" Plaintiff replied that he actually wanted a supervisor to follow him around so that
9  he could better be trained in the ice cream and frozen foods department. Supr. Ramirez
never followed up with Plaintiff regarding the training.
10      On or about June 28, 2020, when Plaintiff arrived to work, he noticed small chunks
11  of dry ice covering the ground in the back corner of the warehouse. This presented a
tripping and slipping hazard to Plaintiff and other employees in the warehouse. Plaintiff
12  reported the dry ice pieces to Supr. Ramirez via text message at 6:29 p.m. Supr. Ramirez
responded that Plaintiff should contact management to take care of the ice. Over an hour
13  later, the dry ice was still on the floor of the warehouse, so Plaintiff again texted Supr.
Ramirez. Supr. Ramirez responded that the maintenance employee was on his way.
14  Maintenance did not clean up the dry ice until approximately 8:00 PM.
15      During the period of Plaintiff's employment with Employer, Plaintiff had, and/or
was perceived by Employer as having and/or likely to have disabilities in the future. These
16  disabilities included but are not limited to susceptibility to COVID-19, and related physical
symptoms, including shortness of breath, greatly restricted mobility and severe weakness in
17  the affected parts of the body, and other related symptoms, conditions and limitations.
Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting
18  Plaintiff's major life activities, including ability to work.
19      On or about July 23, 2020, Plaintiff's partner, who is a nurse, was tested for
COVID-19 as part of a routine testing protocol. On or about July 24, 2020, Plaintiff's partner
20  received notice that she tested positive for COVID-19. Because Plaintiff and his partner live
together, Plaintiff reasonably assumed that he was exposed to COVID-19 and was likely
21  infected with the virus. As soon as Plaintiff received notice that his partner tested positive for
COVID-19, Plaintiff called Supr. Starke to inform him that Plaintiff was exposed to COVID-
22  19. Plaintiff asked Supr. Starke if he needed to take any steps with Defendant Employer as
to secure medical leave. Supr. Starke informed Plaintiff that he needed to call Defendant
23  Employer's 1-800 COVID-19 number. When Plaintiff called the phone number, he was told
that once his partner was able to return to work, he would need to wait an additional 10 days
24  prior to returning to work. Plaintiff was not able to return to work until August 23, 2020.
25      On information and belief, in or around June 2020, Supr. Starke left work for
approximately a month due to COVID-19.
26      On information and belief, in or around mid-August 2020, Supr. Ramirez left work

-4-
*Complaint – DFEH No. 202104-13159707*

27
28  Date Filed: April 8, 2021

1   for approximately three weeks due to COVID-19.

2       On or about August 23, 2020, when Plaintiff returned to work, he noticed trash all over the floor of the warehouse. This presented a tripping and slipping hazard to Plaintiff and other employees. This also made Plaintiff's job more difficult, because he had less room

3   to navigate the warehouse floor.  Plaintiff reported the trash to Supr. Ramirez via text message. Supr. Ramirez did not respond. On information and belief, the trash was not

4   cleaned up until on or about August 25, 2020.

5       On or about August 30, 2020, Supr. Starke brought Plaintiff into his office. Supr. Starke told Plaintiff that Plaintiff had been "dishonest" with the delay times that Plaintiff had

6   reported. Shop Steward Felipe Osorio ("Steward Osorio") was present for this conversation. Plaintiff explained that as soon as he finished putting down the ice cream, his delay time

7   started. Plaintiff told Supr. Starke that he wanted to be sure that he was correctly tracking his delay times, and asked for clarification regarding the directions for tracking the delay

8   times. Supr. Starke did not respond.  Supr. Starke informed Plaintiff that he would be suspended from August 30, 2020 to September 18, 2020 as he was under investigation.

9   During this meeting, Plaintiff noticed that his reimbursement request from March 2020 was still sitting on Supr. Ramirez's desk.

10       On or about September 3, 2020, Plaintiff submitted a written grievance to his union representative Adam (last name unknown) ("Rep. Adam"). Plaintiff also submitted the

11   written grievance to Steward Osorio. The written grievance stated that Defendant decided to suspend Plaintiff because there were discrepancies on his delay sheet, and when he asked

12   management how he should record his delays, management could not answer his question. Plaintiff also asked the company to reinstate him.

13       On or about September 16, 2020, Plaintiff met with Supr. Starke, Steward  Osorio,

14   Union Representative Adam Ortiz ("Rep. Ortiz") and Supervisor Adrian LNU ("Last Name Unknown") ("Supr. Adrian") as a result of the grievance he submitted. The supervisors asked

15   Plaintiff questions about his job duties, how he writes his delays, the cause of his delays, and related questions. Plaintiff again explained that as soon as he finished putting down the

16   ice cream, his delay time started. Plaintiff also detailed the way that the changes made in March 2020 had slowed him down, and that he had not received any training on how to

17   minimize his time with the changes that were made to the bills. Plaintiff expressed to the supervisors that he wanted to return to his job, and asked if there was anything he could do

18   to return to his job. The supervisors stated that they would take the information provided into consideration and let Plaintiff know their decision. Shortly after the meeting, Plaintiff spoke

19   with Steward Osorio. Steward Osorio informed Plaintiff that he was under the impression that Defendant Employer intended to bring Plaintiff back to work, as Supr. Ramirez stated

20   that it was "just an investigation."

21       On or about September 18, 2020, Plaintiff was terminated via phone call with Rep. Adam. Rep. Adam did not have any information regarding the reason that Plaintiff was

22   terminated. The same day, Plaintiff went to US Foods to pick up his last check and the items that were in his locker. Supr. Ramirez stated that he would need to come back later to

23   retrieve his items, but that Supr. Ramirez would inform Plaintiff when he would be able to retrieve his items. Supr. Ramirez never contacted Plaintiff about retrieving his items.

24       On or about October 15, 2020, Plaintiff had another meeting with Supr. Starke,

25   Steward Osorio, Rep. Ortiz, and Supr. Adrian. During this meeting, the supervisors asked Plaintiff if there was any other information that he wanted to provide them. Plaintiff replied that he could not think of any other information that he could provide. The supervisors then

26

27   <center>-5-</center>
<center>*Complaint – DFEH No. 202104-13159707*</center>

28   Date Filed: April 8, 2021

1    said that they would get back to Plaintiff with their decision. Later that week, Rep. Adam
     stated that he would remain terminated.
2           In or around October 2020, Steward Osorio informed Plaintiff that Defendant US
     Foods did not know where his personal items were.
3           To date, Plaintiff has not received reimbursement from his work boot purchase in
     March 2020.
4           To date, Plaintiff has not received his personal belongings from his work locker at
     Defendant Employer. These items include work boots, valued at $153.29, Milwaukee
5    batteries, valued at $310, a sweatshirt, valued at $45, and an undershirt, valued at $30.
6           On information and belief, employee Alex Cervion ("Employee Cervion") was also
     suspended based on an investigation into his delay time. On information and belief,
7    Employee Cervion is in his late thirties. On information and belief, Employee Cervion did not
     make complaints of an unsafe work environment nor did Employee Cervion take a medical
8    leave. On information and belief, Employee Cervion was brought back to his position after
     his suspension with a "letter" stating that instead of termination, Defendant Employer would
9    give Employee Cervion one last chance.
10          On information and belief, employee Rodolfo Almazan ("Employee Almazan") was
     also suspended based on an investigation into his delay time. On information and belief,
11   Employee Almazan is in his early thirties. On information and belief, Employee Almazan did
     not make complaints of an unsafe work environment nor did Employee Almazan take a
12   medical leave. On information and belief, Employee Almazan was brought back to his
     position after his suspension with a "letter" stating that instead of termination, Defendant
13   Employer would give Employee Cervion one last chance.
14          On information and belief, employee David Barragon ("Employee Barragon") was
     also suspended based on an investigation into his delay time. On information and belief,
15   Employee Barragon is in his mid-twenties.  On information and belief, Employee Barragon
     did not make complaints of an unsafe work environment nor did Employee Barragon take a
16   medical leave. On information and belief, Employee Barragon was brought back to his
     position after his suspension without any "letters."
17          Employer was substantially motivated to and did discriminate and retaliate against
     Plaintiff based upon Plaintiff's actual and perceived disabilities and likelihood of becoming
18   disabled and Plaintiff's attempts to and exercise of Plaintiff's right to accommodations, and
     retaliated against Plaintiff's opposition to disability discrimination and OSHA violations.
19          Employer's discriminatory adverse employment actions against Plaintiff included
     excessive, unfair and/or false criticisms, removal of responsibilities, exclusion from
20   communications that would have assisted Plaintiff in performing Plaintiff's duties, less
     desirable schedule and pay, reduction in Plaintiff's opportunity for success and
21   advancement, assignment to more menial, difficult and/or dirty tasks, failure and refusal to
     stop the harassment and discrimination, denial of training and otherwise discriminating and
22   retaliating against Plaintiff in the terms and conditions and existence of Plaintiff's
     employment, and finally, on or about September 18, 2020, terminating, and thereafter
23   refusing to reinstate, Plaintiff's employment.
24          Employer's supervisors and managers knew and had reason to know Plaintiff
     opposed Employer's discriminatory and retaliatory adverse employment actions.  Employer
25   retaliated against Plaintiff for opposing harassment, discrimination and retaliation by
     subjecting Plaintiff to additional adverse employment actions.
26          On information and belief, Employer replaced Plaintiff with a less qualified
27                                              -6-
                                 *Complaint – DFEH No. 202104-13159707*
28   Date Filed: April 8, 2021

1  individual not in Plaintiff's protected class.

2  On information and belief, Employer harassed, discriminated and/or retaliated against other employees based on the same protected class as Plaintiff.

3  On information and belief, Employer did not terminate or discipline other employees outside Plaintiff's protected class as severely for the same purported deficiencies for which Employer terminated and/or disciplined Plaintiff.

4  On information and belief Defendants had policies and practices of depriving and retaliating against Plaintiff and others for attempts to exercise their rights to

5  accommodations and disability rights.

6  As the proximate result of Defendants' wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of

7  fact, but estimated to be no less than $200,000. As the proximate result of Defendants' wrongful conduct, Plaintiff has and will suffer emotional distress damages in an amount to

8  be determined in the discretion of the trier of fact, but estimated to be no less than $400,000.

9  Supr. Starke, Supr. Ramirez, and Supr. Adrian are managing agents of Employer because on information and belief they set policies for Employer, including by determining

10  what to enforce, had responsibility for compliance, had the power to make highly influential hiring and firing recommendations, and manage, supervise, evaluate and discipline other

11  managers, and enter into binding agreements on behalf of Employer. They participated in and/or ratified the discriminatory, retaliatory and unlawful termination of Plaintiff.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-
Complaint – DFEH No. 202104-13159707

Date Filed: April 8, 2021

1   VERIFICATION

2   I, **Geoffrey C Lyon**, am the **Attorney** in the above-entitled complaint. I have read the

3   foregoing complaint and know the contents thereof. The matters alleged are based
    on information and belief, which I believe to be true.

4

    On April 8, 2021, I declare under penalty of perjury under the laws of the State of

5   California that the foregoing is true and correct.

6                                                                        **Long Beach CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -8-
                              *Complaint – DFEH No. 202104-13159707*

28   Date Filed: April 8, 2021

Electronically FILED by Superior Court of California, County of Los Angeles on 04/16/2021 10:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Geoffrey C. Lyon (SBN 132747) <br> 3605 Long Beach Blvd. Ste. 311 <br> Long Beach, CA 90807 <br><br> TELEPHONE NO.: 310-818-7700   FAX NO. *(Optional):* 424-832-7405 <br> ATTORNEY FOR *(Name):* ADAM ALBARRAN | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
ADAM ALBARRAN v. US FOODS, INC. dba U.S. FOODSERVICE, INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|
| [x] Unlimited    [ ] Limited <br> (Amount     (Amount <br> demanded    demanded is <br> exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 21STCV14442 <br><br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 5, 2021

Geoffrey C. Lyon
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                         **CIVIL CASE COVER SHEET**                         Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.  [ Print this form ]  [ Save this form ]   [ Clear this form ]

| SHORT TITLE: ALBARRAN v. US FOODS, INC. dba U.S. FOODSERVICE, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: ALBARRAN v. US FOODS, INC. dba U.S. FOODSERVICE, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: ALBARRAN v. US FOODS, INC. dba U.S. FOODSERVICE, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: ALBARRAN v. US FOODS, INC. dba U.S. FOODSERVICE, INC. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>155 Northam St. |
|---|---|

| CITY:<br>La Mirada | STATE:<br>CA | ZIP CODE:<br>90638 | |
|---|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 5, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT B

1   SEYFARTH SHAW LLP
    Jonathan L. Brophy (SBN 245223)
2   E-mail:  jbrophy@seyfarth.com
    David Rosenberg (SBN 292094)
3   E-mail:  drosenberg@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:     (310) 277-7200
5   Facsimile:     (310) 201-5219

6   Attorneys for Defendant
    US FOODS, INC. dba US FOODSERVICE, INC.

7

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF LOS ANGELES

11

12  ADAM ALBARRAN,                          Case No. 21STCV14442

13            Plaintiff,                    *Assigned to the Hon. Monica Bachner;
                                            Dept. 71*
14       v.
                                            **DEFENDANT US FOODS, INC.'S ANSWER
15  US FOODS, INC. dba US FOODSERVICE, INC.;   TO PLAINTIFF ADAM ALBARRAN'S
    and DOES 1 to 10,                         UNVERIFIED COMPLAINT FOR
16                                            DAMAGES**

17            Defendants.

18                                          Complaint Filed:  April 16, 2021
                                            Trial Date:        None Set
19

20

21

22

23

24

25

26

27

28

Defendant US Foods, Inc. (dba U.S. FoodService, Inc.) ("Defendant"), for itself and for no other defendant, hereby answers the unverified Complaint for Damages ("Complaint") filed by Plaintiff Adam Albarran ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure to State a Cause of Action - All Causes of Action)

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

### (Statute of Limitations - All Causes of Action)

2. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Government Code sections 12960 and 12965, and Code of Civil Procedure sections 335.1, 338, and 339.

## THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies – All Causes of Action)

3. Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

/ / /

/ / /

/ / /

## FOURTH DEFENSE

### (Laches - All Causes of Action)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

## FIFTH DEFENSE

### (Waiver - All Causes of Action)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

### (Estoppel - All Causes of Action)

6.      Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

## SEVENTH DEFENSE

### (Unclean Hands - All Causes of Action)

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

### (Ratification - All Causes of Action)

8.      Plaintiff's Complaint and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendant's alleged actions.

## NINTH DEFENSE

### (Failure to Mitigate Damages - All Causes of Action)

9.      Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

US FOODS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

70409260v.1

**TENTH DEFENSE**

**(Failure to Exercise Reasonable Preventive Corrective Opportunities – All Causes of Action)**

10.     To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**ELEVENTH DEFENSE**

**(Contribution By Plaintiff's Own Acts – All Causes Of Action)**

11.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

**TWELFTH DEFENSE**

**(Workers' Compensation Preemption - All Causes of Action)**

12.     Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, Cal. Lab. Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

**THIRTEENTH DEFENSE**

**(Preemption - All Causes Of Action)**

13.     Plaintiff's claims are barred, in whole or in part, to the extent they are preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

**FOURTEENTH DEFENSE**

**(After-Acquired Evidence – All Causes of Action)**

14.     Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of his employment.

3

70409260v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTEENTH DEFENSE**

**(Undue Hardship - All Causes of Action)**

15.     To the extent that Plaintiffs requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiffs' claims fail.

**SIXTEENTH DEFENSE**

**(Prompt Remedial Action – All Causes of Action)**

16.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**SEVENTEENTH DEFENSE**

**(CFRA Leave Provided - All Causes of Action)**

17.     Plaintiff's claims are barred, in whole or in part, to the extent that Defendant provided Plaintiff with a leave of absence pursuant to the provisions of the California Family Rights Act, Cal. Gov't Code §§ 12945.2 *et seq.*

**EIGHTEENTH DEFENSE**

**(Failure to Comply With CFRA - All Causes of Action)**

18.     Plaintiff's claims are barred, in whole or in part, to the extent that he did not comply with the prerequisites for taking leave under the California Family Rights Act, Cal. Gov't Code §§ 12945.2, *et seq.*

**NINETEENTH DEFENSE**

**(Reasonable Accommodation - All Causes of Action)**

19.     Plaintiff's claims are barred because Defendant was not legally required to provide reasonable accommodation to Plaintiff and, to the extent that it was so legally required, Defendant fulfilled its obligations.  Neither compensatory nor punitive damages may be awarded against Defendant due to its good faith efforts to make a reasonable accommodation for Plaintiff.

/ / /

/ / /

/ / /

4

**TWENTIETH DEFENSE**

**(Legitimate Non-Discriminatory, Non-Retaliatory Actions - All Causes of Action)**

20.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason for all actions taken with respect to Plaintiff's employment with Defendant that was non-discriminatory, non-retaliatory, and not based on any other purportedly unlawful conduct.

**TWENTY-FIRST DEFENSE**

**(Mixed Motive – All Causes of Action)**

21.     Even if Plaintiff should prove that his alleged disability or any other protected status was a substantial factor motivating the challenged actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

**TWENTY-SECOND DEFENSE**

**(Avoidable Consequences Doctrine – All Causes of Action)**

22.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

**TWENTY-THIRD DEFENSE**

**(Failure to Use Ordinary Care – All Causes of Action)**

23.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff received good consideration in agreement to serve as an employee of Defendant, yet failed to use ordinary care and diligence during Plaintiff's employment, or employment-related duties, pursuant to California Labor Code § 2854.

**TWENTY-FOURTH DEFENSE**

**(Managerial Privilege - All Causes of Action)**

24.     Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

/ / /

/ / /

/ / /

70409260v.1

### TWENTY-FIFTH DEFENSE

**(Consent/Authorization - All Causes of Action)**

25.     Defendant asserts, without admitting that Defendant engaged in any of the acts or conduct attributed to it in the Complaint, that any and all actions of Defendant with regard to Plaintiff were consented to and/or authorized by Plaintiff through Plaintiff's actions, omissions, and course of conduct.

### TWENTY-SIXTH DEFENSE

**(Award of Punitive Damages is Unconstitutional - All Causes of Action)**

26.     To the extent Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

### TWENTY-SEVENTH DEFENSE

**(Scope of Authority - All Causes of Action)**

27.     The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

### TWENTY-EIGHTH DEFENSE

**(Setoff And Recoupment - All Causes of Action)**

28.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

### TWENTY-NINTH DEFENSE

**(Offset - All Causes of Action)**

29.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received

US FOODS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## RESERVATION OF RIGHTS

30.     Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendant further reserves the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

4.     That Defendant be awarded their costs of suit incurred herein; and,

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: June 1, 2021                    SEYFARTH SHAW LLP

By: _____
Jonathan L. Brophy
David Rosenberg
Attorneys for Defendant
US FOODS, INC. dba US FOODSERVICE, INC.

7

US FOODS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                    )   ss
COUNTY OF LOS ANGELES   )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On **June 1, 2021**, I served the within document(s):

### DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF ADAM ALBARRAN'S UNVERIFIED COMPLAINT FOR DAMAGES

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Geoffrey C. Lyon                    Attorneys for Plaintiff ADAM ALBARRAN
LYON LAW, PC
3605 Long Beach Blvd., Ste. 311         Telephone:  (310) 818-7700
Long Beach, CA  90807

Email:  glyon@lyonlawyer.com

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **June 1, 2021**, at Los Angeles, California.

Patricia Cloutier

US FOODS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

70409260v.1